# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LIGIA D. WILSON,**

                                    **Plaintiff,**
                                                        **CIVIL ACTION**

**v.**
                                                        **No. 09-2667-KHV-DJW**

**COUNTRYWIDE HOME LOANS, INC., et al.,**

                                    **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Emergency Motion to Stay Pending Hearing (doc. 3).[1] Plaintiff states: "Until such time as the case is heard, Plaintiff demands a STAY pending the hearing of these matters."[2] As discussed in detail below, the Court denies Plaintiff's motion without prejudice for failure to comply with this Court's Rules of Practice and Procedure and the Federal Rules of Civil Procedure.

More specifically, Plaintiff has failed to comply with D. Kan. Rule 7.6, which requires moving parties to provide a concise statement of the facts and provide argument and authorities that support their motions. Plaintiff fails to provide any relevant factual information, argument, or legal authorities that would permit the Court to fully analyze the issues. In addition, Plaintiff's motion does not comply with Federal Rule of Civil Procedure 7(b)(1), which requires motions to "state with particularity the grounds therefor."

---

[1]Plaintiff's request for stay is set out in the body of Plaintiff's Complaint. *See* doc. 1 at 24. Because such a request is actually in the form of a motion, the Clerk of the Court has docketed Plaintiff's request for a stay as a separate motion. S*ee* doc. 3.

[2]Emergency Motion to Stay Pending Hearing (doc. 3) at 24.

The Court is mindful that Plaintiff is proceeding *pro se.* This Court typically makes reasonable allowances to protect *pro se* litigants from the inadvertent forfeiture of important rights because of their lack of legal training. Although *pro se* litigants are not exempt from compliance with the applicable procedural rules and substantive law, their ability to represent themselves should not be impaired by the harsh application of technical rules.[3] In this case, however, compliance with the above-cited rules is not a mere technicality. Plaintiff's failure to comply with these rules leaves the Court without sufficient information—both factual and legal—to make an adequate and fair ruling.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Motion to Stay Pending Hearing (doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of January 2010.


s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

---

[3]*Targuth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).