IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LIGIA WILSON,

                Plaintiff,           Civil Action

v.                                      No. 09-2667-KHV-DJW

COUNTRYWIDE HOME LOANS, INC., et al.,

                Defendants.

### MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Quash Service of Process (doc. 14) ("Motion to Quash"). Plaintiff has filed no response to the Motion to Quash. Although the motion is unopposed, for the reasons set forth below, the Motion to Quash is granted as to Defendants BAC Home Loans Servicing L.P.; South & Associates, P.C.; Donald Ash; Brian Hazel; and Nancy W. Wilson. The Motion to Quash is denied as to Defendants Countrywide Home Loans, Inc.; Andrew Gissinger, III; and Preston R. James.

**I.    Nature of the Matter Before the Court and Background Information**

Plaintiff proceeds in this action *pro se* against Countrywide Home Loans, Inc. ("Countrywide"); BAC Home Loans Servicing, LP ("BAC"); South & Associates, P.C. ("South"); Donald Ash; Andrew Gissinger, III; Brian Hazel; Preston R. James, Jr.; and Nancy W. Wilson. Plaintiff sues Defendants for violations of the Home Ownership Equity Protection Act, the Real Estate Settlement Procedures Act, the Truth-in-Lending Act and the Fair Credit Reporting Act. Plaintiff also asserts common law claims for fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment and civil conspiracy, in addition to claims arising under the Racketeering

Influenced and Corrupt Organizations Act. Finally, Plaintiff seeks to quiet title to the real property at issue in the lawsuit.

Plaintiff filed her Complaint on December 28, 2009. The Court issued Summonses for BAC, South, Donald Ash, Brian Hazel, and Nancy W. Wilson on December 29, 2009.[1] Plaintiff attempted to serve BAC, South, Mr. Ash, Mr. Hazel, and Ms. Wilson by mailing a copy of the Summons and Complaint by certified mail to each of them at a College Boulevard address in Overland Park, Kansas. According to Defendants, South has an office at that address.[2] On February 1, 2010, Plaintiff filed Proofs of Service for BAC, South, Mr. Ash, Mr. Hazel, and Ms. Wilson, which included copies of the return receipts from the certified mailings.[3] The receipts show that they were signed by a "Bill Cagwin."

There is no indication that the Court ever issued, or, for that matter, was asked to issue, summonses for Countrywide, Andrew Gissinger, III, or Preston R. James. Nor does the docket show that Plaintiff filed any Proofs of Service regarding those particular Defendants.

On February 11, 2010, counsel entered a limited entry of appearance on behalf of all Defendants "for purposes of challenging service of process . . . on behalf of the defendants" and to file the instant motion.[4] In their Motion to Quash, Defendants explain that three of the individual Defendants "may be BAC employees," while two of the individual Defendants are employees of

---

[1] *See* Docket Entry dated December 29, 2009.

[2] Defs.' Mot. to Quash (doc. 14) at 1; *see also* Frakes Aff., ¶ 2, attached to Defs.' Mot. to Quash (doc. 14) ("[C]opies of the Complaint and Summons . . . were delivered to [the] building which South occupies.").

[3] *See* Proofs of Service (doc. 6-10).

[4] *See* Limited Entry of Appearance (doc. 12).

South.[5] The Motion to Quash does not, however, identify which of the individual Defendants "may be BAC employees" or which are employees of South.

## II. Defendants' Arguments

Although Defendants' motion is entitled "Motion to Quash Service of Process," Defendants ask the Court "to strike" Plaintiff's summonses.[6] Defendants ask the Court to strike the summonses on the basis that Plaintiff has failed to effectuate service on Defendants. In support of their motion, Defendants assert that Bill Cagwin is not an employee of South (either currently or at the time of the purported service)[7] nor is he a registered agent of South.[8] Defendants therefore argue that Cagwin cannot accept service on behalf of South.[9] Defendants also assert that neither South nor Bill Cagwin is a registered agent of BAC or Countrywide and that he is not authorized to accept service of process on behalf of BAC or Countrywide or any of their employees.[10] Defendants therefore argue that the attempted service on Bill Cagwin was invalid.

---

[5] Defs.' Mot. to Quash (doc. 14) at 1.

[6] *Id.* at 3.

[7] Frakes Aff., ¶ 4 (attached as Ex. 1 to doc. 14).

[8] *Id.*, ¶ 5. Defendants never discuss whether Bill Cagwin is an employee of BAC or Countrywide.

[9] Defs.' Mot. to Quash Service (doc. 14) at 2.

[10] *Id.* at 2; Frakes Aff., ¶ 64.

3

Defendants also argue that because Plaintiff mailed the Summonses and Complaints herself, she violated Federal Rule of Civil Procedure 4(c)(2), which states that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."[11]

## III. General Law Regarding Service of Process

"Effectuation of service is a precondition to suit,"[12] and the plaintiff has the burden of establishing the validity of service.[13] "The general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'"[14]

That Plaintiff is proceeding *pro se* in this case does not relieve her of the obligation to properly serve each Defendant. Although the Court construes *pro se* pleadings liberally, a *pro se* litigant is required to follow the same rules of procedure as other litigants.[15] Thus, despite Plaintiff's *pro se* status, she "is still obligated to follow the [service] requirements of Fed. R. Civ. P. 4."[16]

---

[11] Fed. R. Civ. P. 4(c)(2).

[12] *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998).

[13] *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

[14] *Gregory v. U.S./U.S. Bankruptcy Court for the Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983)); *accord Fisher v. Lynch*, 531 F.Supp.2d 1253, 1269-70 (D. Kan. 2008) (citations omitted).

[15] *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992).

[16] *Espinoza v. U. S.*, 52 F.3d 838, 841 (10th Cir. 1995); *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

**IV.     Did Plaintiff Obtain Service on Defendants?**

    **A.     Service on Countrywide, Andrew Gissinger, III and Preston R. James**

Although Defendants' Motion to Quash is filed on behalf of all Defendants, nothing in the record indicates that Plaintiff has attempted to serve Defendants Countrywide, Andrew Gissinger, III or Preston R. James. Moreover, nothing in the docket reflects that the Court was requested to issue summonses for these three Defendants.[17] In addition, there is nothing in the docket showing that any Proofs of Service were ever filed showing that service was made, or attempted, on them.

Accordingly, there is nothing for the Court to quash or strike, as Defendants request. Thus, the Motion to Quash is denied as to Defendants Countrywide, Andrew Gissinger, III and Preston R. James.

Plaintiff is nonetheless remiss in not serving these Defendants. Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 120 days of filing the complaint.[18] In the instant case, the Complaint was filed on December 28, 2009, requiring that service be effected by April 27, 2010. To date, however, Plaintiff has not served, or apparently made any attempt to serve, these particular Defendants.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within

---

[17]Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint" and that the plaintiff is responsible "for having the summons and complaint served within the time allowed by Rule 4(m)."

[18]*Taylor v. Osawatomie State Hosp.*, No. 07-2346-KHV, 2008 WL 474417, at *1 (D. Kan. Feb. 19, 2008) (citing Fed. R. Civ. P. 4(m)).

a specified time."[19] It also provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[20]

In light of the above, the Court hereby directs Plaintiff to show cause in writing to the Honorable Kathryn H. Vratil, United States District Judge, why service of the Summons and Complaint was not made in this case upon Defendants Countrywide, Andrew Gissinger, III and Preston R. James within 120 days of the filing of the Complaint and why this action should not be dismissed with prejudice as to these Defendants. Plaintiff shall show said cause in a pleading filed on or before **July 19, 2010.** Plaintiff is cautioned that the failure to timely respond to this Show Cause Order is likely to result in the dismissal of her claims against these particular Defendants.

### B. Service on BAC, South, Donald Ash, Brian Hazel and Nancy W. Wilson

The Court will now address the attempted certified mail service that was made on Defendants BAC, South, Donald Ash, Brian Hazel and Nancy W. Wilson. Because the rules that apply to corporations and business entities differ from those that apply to individuals, the Court will address service on the business entities BAC and South separately from service on the individual Defendants Ash, Bazel, and Wilson.

### 1. *Did Plaintiff effectuate service on BAC and South?*

Federal Rule of Civil Procedure 4(h) provides for service on corporations, partnerships and associations ("corporate defendants"). Under Rule 4(h), a corporate defendant may be served in one of two primary ways.[21] First, under Rule 4(h)(1)(A), the plaintiff may serve the corporate defendant

---

[19] Fed. R. Civ. P. 4(m).

[20] *Id.*

[21] *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 715 (10th Cir. 2005) (citing Fed. R. Civ. P. 4(h)(1) & 4(e)(1)).

in a manner prescribed by Fed. R. Civ. P. 4(e)(1) for serving an individual.[22] Under Rule 4(e)(1), service may be made under the law of the state where the district court is located or where service is made.[23] In other words, service on the corporate defendant may be made pursuant to the laws of the forum state.[24] Second, under Rule 4(h)(1)(B), a corporate defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent [of the corporate defendant], or any other agent authorized by appointment or by law to receive service of process [on behalf of the corporate defendant] and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."[25]

        *a.*     *Service under Fed. R. Civ. P. 4(h)(1)(B)*

The Court finds that Plaintiff's service by certified mail did not satisfy the requirements of Rule 4(h)(1)(B). Although the Federal Rules of Civil Procedure do not explicitly define the term "delivery" under Rule 4(h)(1)(B), courts have determined that the Rule requires *personal* service.[26] Plaintiff's *mailing* of the Summonses and Complaints to South and BAC therefore did not satisfy Rule 4(h)(1)(B).[27]

---

[22]Fed.. R. Civ. P. 4(h)(1)(A) (referring to service under Fed. R. Civ. P. 4(e)(1)).

[23]Fed. R. Civ. P. 4(e)(1).

[24]*Burnham*, 403 F.3d at 715 (citing Fed. R. Civ. P. 4(h)(1)) (referencing Fed. R. Civ. P. 4(e)(1)).

[25]Fed. R. Civ. P. 4(h)(1)(B).

[26]*See Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, C 09-1115 SI, 2009 WL 4874872, at *2 (N.D. Cal. Oct. 6, 2009).

[27]Moreover, the letters were not even mailed to an officer, manager or authorized agent of either BAC or South. Thus, even if service by certified mail satisfied the "delivery requirement" (which it did not), the service still would have been ineffective under Rule 4(h). *See Larsen*, 218
(continued...)

7

### b. Service under Fed. R. Civ. P. 4(h)(1)(A) and Kansas law

Furthermore, Plaintiff's service did not comply with Kansas law.[28] Although K.S.A. 60-203(c) provides that "[t]he filing of an entry of appearance shall have the same effect as service," a party may preserve the defense of insufficient service of process when it is raised by a motion.[29] Accordingly, even though Defendants' counsel has entered an appearance, he did so only to raise insufficient service of process, and his entry of appearance did not have the same effect as service. The Court finds that Plaintiff must still serve South and BAC in compliance with Kansas' service statutes.

The Court thus turns to K.S.A. 60-303, which provides for service "by return receipt delivery."[30] The statue expressly states that service by return receipt delivery includes "service effected by certified mail."[31] To accomplish service by return receipt delivery, however, the plaintiff or the plaintiff's attorney must place a copy of the process and petition (or in this case, the complaint), "in a sealed envelope *addressed to the person to be served in accordance with K.S.A.*

---

[27](...continued)
F.3d at 868 (finding service did not satisfy Rule 4(h) where service was ineffective not only because it was by mail but also because it was "not even mailed to an officer, manager or authorized agent" of the defendant).

[28]Kansas law provides that an entry of appearance acts as proper service on the defendant. K.S.A. 60-203(c).

[29]*Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n. 11 (D. Kan. 2008) (citation omitted) ("Kansas law clearly establishes that the defense of insufficient service is preserved when raised by an answer or a motion.").

[30]K.S.A. 60-303(c).

[31]K.S.A. 60-303(c)(1) ("Service of process by return receipt delivery shall include service effected by certified mail . . . .").

*60-304.*[32] K.S.A. 60-304, in turn, provides that when serving a corporate defendant by mail, the certified letter containing the summons and petition (or complaint), must be addressed to an officer or registered agent at the officer or registered agent's usual place of business.[33]

Here, the certified letters were addressed to "BAC Home Loans Servicing L.P."[34] and "South & Associates, P.C."[35] They were not addressed to an officer or registered agent of BAC or South. Thus, Plaintiff's attempted service did not comply with K.S.A. 60-303 and -304.[36]

Nevertheless, service still might be considered effective under Kansas' substantial compliance statute. That statute, K.S.A. 60-204, provides as follows: "[I]n any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court."[37]

---

[32] K.S.A. 60-303(c)(2) (emphasis added).

[33] K.S.A. 60-304(e) ("Service by return receipt delivery on an officer, partner or agent shall be addressed to such person at the person's usual place of business."); *see also Burnham*, 403 F.3d at 715 (citing K.S.A. 60-304(e)) ("[W]hen serving a corporate defendant by mail [under Kansas law] the certified letter, containing a copy of the summons and complaint, must be addressed to an officer or registered agent at their usual place of business.").

[34] *See* Proof of Service for BAC (doc. 9)

[35] *See* Proof of Service for South (doc. 7).

[36] *See Burnham*, 403 F.3d at 715 ("[w]hen serving a corporate defendant by mail [under Kansas law], the certified letter, containing a copy of the summons and complaint, must be addressed to an officer or registered agent at their usual place of business.") (citing K.S.A. 60-304(e)).

[37] K.S.A. 60-204.

In *Briscoe v. Getto*,[38] the Kansas Supreme Court interpreted Kansas' "substantial compliance" rule and held that "before there can be a valid personal service of process there must be a substantial compliance with some method of process provided in K.S.A. 60-301 *et seq*. It is only after substantial compliance that irregularities and omissions are cured by awareness of a pending proceeding."[39] The Kansas Supreme Court observed:

> [A]s we read the statute it seems clear that new methods of service were not anticipated. There must first be substantial compliance with some statutory method of service. Irregularities or omissions will then be ignored if the court finds that the party to be served was made aware that an action or proceeding was pending.[40]

The Court does not find substantial compliance here and, thus, holds that K.S.A. 60-204 is inapplicable to the service attempted on BAC and South.

### c. Conclusion as to service on BAC and South

The Court concludes that Plaintiff's attempt at service on BAC and South was not in compliance with Federal Rule of Civil Procedure 4(h)(1)(A), which incorporates service under Kansas law, or under Federal Rule of Civil Procedure 4(h)(1)(B). Plaintiff's attempted service on BAC and South was therefore ineffective.

### 2. *Did Plaintiff effectuate service on Donald Ash, Brian Hazel and Nancy W. Wilson*?

Federal Rule of Civil Procedure 4(e) governs service on individuals. Subsection (e)(1) of Rule 4 provides for service under the forum state's service law. Subsection (e)(2) of Rule 4, on the other hand, provides that service on individuals may be accomplished by doing any of the following:

---

[38] 204 Kan. 254, 462 P.2d 127,129 (1969).

[39] *Id*. at 256-257.

[40] *Id*. at 257.

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[41]

      *a.*      *Service under Fed. R. Civ. P. 4(e)(2)*

The Court does not find that service was effected under Rule 4(e)(2). Plaintiff did not deliver a copy of the summons and Complaint to the individual Defendants personally. Nor did she leave a copy at the individuals' dwellings or usual places of abode. And finally, she did not deliver a copy to any authorized agents of the individual defendants.

      *b.*      *Service under Fed. R. Civ. P. 4(e)(1) and Kansas law*

As noted above, Rule 4(e)(1) provides that an individual may be served under the forum state's service law. Thus, the Court must look to K.S.A. 60-304(a), which provides for service upon individuals. K.S.A. 60-304(a) states that service of process upon individuals is effected:

> by serving the individual or by serving an agent authorized by appointment or by law to receive service of process, but if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given. *Service by return receipt delivery shall be addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address.* If service by return receipt delivery to the individual's dwelling house or usual place of abode is refused or unclaimed, the sheriff, party or party's attorney seeking service may complete service by certified mail, restricted delivery, by serving the individual at a business address after filing a return on service stating the return receipt delivery to the individual at such individual's dwelling house or usual place of abode has been refused or unclaimed and a business address is known for such individual.[42]

---

[41]Fed. R. Civ. P. 4(e)(2).

[42]K.S.A. 60-304(a) (emphasis added).

The Court finds that Plaintiff did not comply with K.S.A. 60-304(a) for serving individuals through "service by return receipt delivery," because the statute requires that the returned receipt delivery "be addressed to an individual at the individual's dwelling house or usual place of abode." Here, Plaintiff did not address the certified letters to the individuals' places of abode but rather to the address at which South has an office. While the statute does provide a "back-up" method for certified service by serving an individual at a business address, that rule does not apply here. That "back-up" method of service may be used only after service is refused or unclaimed at the person's dwelling house or usual place of abode.[43] And even then, the service must be accomplished by certified mail, *restricted delivery*, and only after the plaintiff has filed a return stating the initial delivery was refused or unclaimed. Those facts simply are not present here.

Furthermore, it is clear that Plaintiff did not effect service by serving an authorized agent of these individuals, because the certified letters were addressed to Ash, Hazel, and Wilson personally and not to any purported agent.

In light of the above, the Court cannot find that Plaintiff effectuated service on these individual Defendants under K.S.A. 60-304(a). Nor can the Court find that Plaintiff "substantially complied" with K.S.A. 60-304(a). This case is distinguishable from *Ledbetter v. City of Topeka, Kansas*,[44] in which Judge Murguia found substantial compliance with K.S.A. 60-304(a). In *Ledbetter*, the plaintiff served the summons and complaint upon an individual defendant at the defendant's place of business via certified mail.[45] The Court found substantial compliance based

---

[43]*See id.*

[44]112 F. Supp. 2d 1239 (D. Kan. 2000).

[45]*Id.* at 1245.

12

on the fact that the return of service "was signed by personnel in [the defendant's] office."[46] Even assuming arguendo that the Court were to follow *Ledbetter,* nothing in the record shows that Bill Cagwin, who signed the return receipts, was an employee of South or that Ash, Hazel or Wilson were employees of South, such that the Court could find that Cagwin was "personnel" in an office employing these individual Defendants.[47] Thus, the Court declines to find that Plaintiff has substantially complied with K.S.A. 60-304(a) in attempting to serve Ash, Hazel, or Wilson.

    *c.*  *Conclusion as to service on Ash, Hazel, and Wilson*

In light of the above, the Court finds that Plaintiff did not effectuate service on Ash, Hazel or Wilson, either under Federal Rule of Civil Procedure 4(e)(2) or Federal Rule of Civil Procedure 4(e)(1), which incorporates Kansas law.

   3.  *Should service on BAC, South, Ash, Hazel, and Wilson be quashed or stricken?*

Having found that service was not accomplished on BAC, South, Ash, Hazel, and Wilson, the Court must now decide what relief or action should follow. Defendants ask the Court "to strike" the summonses that Plaintiff attempted to serve on these Defendants.[48]

Generally speaking, motions to strike are properly directed at "pleadings" as enumerated in Federal Rule of Civil Procedure 7(a), such as complaints, answers to complaints, and replies to

---

[46]*Id.*

[47]As noted above, Defendants state in their Motion to Quash that three of the individual Defendants "may be BAC employees," while two of the individual Defendants are employees of South. They do not identify those employees by name, however, so it is impossible to tell whether Ash, Hazel or Wilson is an employee of either South or BAC. Furthermore, Defendants do not explain in their Motion to Quash if Bill Cagwin is an employee of BAC. They do state, however, that Cagwin is *not* an employee of South.

[48]Defs.' Mot. to Quash (doc. 14) at 3.

13

counterclaims.[49] A summons does not fall within this group of "pleadings." The Court therefore declines to *strike* the summonses as requested. The Court, however, will *quash* the summonses.

Generally speaking, "when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant."[50] In some cases, the Court will dismiss the action rather than allow re-service, particularly "if it appears unlikely that proper service can or will be instituted."[51] This Court might consider dismissing this action as to BAC, South, Ash, Hazel, and Wilson given Plaintiff's failure to respond to the instant motion. Plaintiff's failure to respond to this motion certainly causes the Court to question whether Plaintiff is inclined to take the actions necessary to prosecute this action. Out of an abundance of caution, however, the Court will decline to recommend to the District Judge that the case be dismissed. Instead, the Court will give Plaintiff the opportunity to re-serve Defendants BAC, South, Ash, Hazel, and Wilson.

Accordingly, the Court directs Plaintiff to re-serve BAC, South, Ash, Hazel, and Wilson in compliance with the applicable sections of Federal Rule of Civil Procedure 4(e) and (h). The Court hereby enlarges the time for Plaintiff to serve these Defendants, and directs Plaintiff to re-serve them on or before **July 19, 2010**.[52] Plaintiff is cautioned that failure to effectuate service on these Defendants within that time period is likely to result in dismissal of her action against these Defendants.

---

[49]*Jones v. City of Topeka*, 764 F. Supp. 1423, 1425 (D. Kan. 1991).

[50]*Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269-70 ( D. Kan. 2008) (citing *Gregory v. U.S. Bankr. Court*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir. 1983)).

[51]*Pell*, 711 F.2d at 950 n.2.

[52]As noted above in Part IV.A, a plaintiff must serve a defendant within 120 days after the complaint is filed unless the Court enlarges the time for effecting service.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Quash Service of Process (doc. 14) is granted as to Defendants BAC Home Loans Servicing L.P.; South & Associates, P.C.; Donald Ash; Brian Hazel; and Nancy W. Wilson.

**IT IS FURTHER ORDERED** that on or before **July 19, 2010**, Plaintiff shall re-serve BAC Home Loans Servicing, L.P.; South & Associates, P.C.; Donald Ash; Brian Hazel; and Nancy W. Wilson in compliance with Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that Defendants' Motion to Quash is denied as to Defendants Countrywide Home Loans, Inc.; Andrew Gissinger, III; and Preston R. James.

**IT IS FURTHER ORDERED** that on or before **July 19, 2010**, Plaintiff shall show cause to the Honorable Kathryn H. Vratil, United States District Judge, in a pleading filed with the Court, why service of the Summons and Complaint was not made upon Defendants Countrywide Home Loans, Inc.; Andrew Gissinger, III; and Preston R. James within 120 days of the filing of the Complaint and why this action should not be dismissed with prejudice as to these Defendants.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 28th day of June 2010.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:　　All counsel and *pro se* parties